# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
**Washington, DC**

## UNITED STATES
**v.**
**Isaac A. SAENZ**
**Seaman Apprentice, U.S. Coast Guard**

**CGCMS 24134**
**Docket No. 1087**

**30 September 1997**

Special Court-Martial convened by Commanding Officer, Coast Guard Integrated Support Command Alameda, California. Tried at Coast Guard Maintenance and Logistics Command, Alameda, California, on 11-12 February 1997.

| | |
|---|---|
| Military Judge: | CAPT Lane I. McClelland, USCG |
| Trial Counsel: | LT Daniel C. Kelleher, USCG |
| Assistant Trial Counsel: | LTJG Derek A. D'Orazio, USCGR |
| Detailed Defense Counsel: | LTJG Donna D. Ordine, USCGR |
| Appellate Defense Counsel: | LT Richard R. Beyer, USCGR |
| Appellate Government Counsel: | LT Benes Z. Aldana, USCG |

**BEFORE**
**PANEL FOUR**

**BAUM, KANTOR AND WESTON**
Appellate Military Judges

Per Curiam:

Appellant was tried by a special court-martial before a military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of the following offenses: one specification of willfully disobeying a superior commissioned officer, two specifications of willfully disobeying a petty officer, one specification of failure to obey a lawful order, one specification of

destruction of military property through neglect, and one specification of wrongful appropriation, in violation of Articles 90, 91, 92, 108, and 121 of the Uniform Code of Military Justice (UCMJ), 10 USC §§890, 891, 892, 908, and 921, respectively. The judge sentenced appellant to six months confinement, reduction to paygrade E-1, forfeiture of two-thirds pay per month for six months, and a bad conduct discharge. The convening authority approved the sentence as adjudged, but suspended for twelve months that portion of the sentence which extended to confinement in excess of 120 days, all of which was within the terms of the pretrial agreement.

Before this Court, without admitting that the findings and sentence are correct in fact and law, Appellant has submitted his case on its merits as to any and all issues. The Court has reviewed the record in accordance with Article 66, UCMJ, unassisted by a Government response since the thirty days, which Rule 15 of the Court Rules allots to the Government for filing an answer, has run without a submission by the Government.

Upon such review under Article 66, we note that the adjudged forfeitures of two thirds pay per month for six months was approved by the convening authority without modification. Rule for Courts-Martial (RCM) 1003(b)(2) requires partial forfeitures of pay to be stated in an exact amount in whole dollars and, where a reduction in grade is also involved, the forfeiture shall be based on the reduced grade. Failure by the judge and convening authority to comply with RCM 1003(b)(2) prevents this Court from determining whether the correct amount of forfeiture was deducted from Appellant's pay. At the time of trial, the base pay for an E-1 with Appellant's length of service, was $900.90 per month. Two thirds of that pay should have resulted in forfeitures of $600 per month. In order to comply with RCM 1003(b)(2) and to ensure collection of the correct amount of forfeitures of pay, we will adjust the forfeitures portion of Appellant's sentence accordingly.

Except for the forfeitures, the findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and so much of the sentence, as approved and partially suspended below, as provides for a bad conduct discharge, forfeiture of $600 per month for six months, reduction to paygrade E-1, and confinement for six months, with that portion of the confinement in excess of 120 days suspended for twelve months, are affirmed. All rights, privileges, and property of which Appellant may have been deprived by virtue of the portion of the sentence that has been modified shall be restored.

For the Court

R. Hamish Waugh
Clerk of the Court